UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GIANCARLO AVENDANO MARTINEZ
(A-204-371-071),

             Petitioner,

      v.

CALIFORNIA CITY WARDEN, et al.,

             Respondents.

No. 1:26-cv-4036 TLN CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Giancarlo Avendano Martinez (A-204-371-071), a native and citizen of Peru who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner was admitted to the United States on January 20, 2004 as a nonimmigrant B-2 visitor for pleasure with authorization to remain for a temporary period not to exceed July 20, 2004.  Petitioner remained in the United States beyond July 20, 2004 without authorization.  On January 18, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained petitioner following a traffic stop.  For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

///

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1

## I.  FACTUAL BACKGROUND[2]

Petitioner is a citizen and native of Peru.  (ECF No. 6-4 at 4.)  On January 20, 2004 petitioner, who was seven years old, was admitted to the United States as a nonimmigrant B-2 visitor for pleasure with authorization to remain for a temporary period not to exceed July 20, 2004.  (Id.)  Petitioner remained in the United States beyond July 20, 2004 without authorization.  (Id.)  On January 18, 2026, ICE placed a detainer on petitioner after encountering him at the Sarasota County Jail following his detention after a traffic stop.  (ECF No. 6-1 at 2.)  On February 18, 2026, petitioner was issued a Notice to Appear and placed into Immigration and Nationality Act ("INA") Section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[3]  (ECF No. 6-4 at 4.)

On March 25, 2026, an immigration judge provided petitioner with a bond hearing.  (ECF No. 1 at 4.)  On April 7, 2026, the immigration judge issued a written decision denying bond, finding that "[petitioner] poses a danger to the community."  (ECF No. 6-2 at 4.)  On May 26, 2026, the Board of Immigration Appeals ("BIA") received Petitioner's appeal of the immigration judge's bond decision.  (ECF No. 6-2 at 7.)  In their answer, respondents state the appeal remains pending.  (ECF No. 6 at 2.)

Petitioner is being detained pending removal proceedings under 8 U.S.C. § 1226(a).  (ECF No. 6-4 at 4.)  He has been in continuous detention since January 18, 2026.  (ECF No. 1.)  Respondents do not contest petitioner's factual allegations.  (See ECF No. 6.)

## II.  PROCEDURAL BACKGROUND

On May 27, 2026, petitioner filed his petition for writ of habeas corpus.  (ECF No. 1.)  On June 3, 2026, respondents timely filed an answer.  (ECF No. 6.)  Petitioner did not file a reply.  (See Docket.)  Briefing is now complete.

---

[2] Petitioner filed a verified habeas petition.  (ECF No. 1 at 8.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest petitioner's factual allegations.  (See ECF No. 6.)

[3] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

2

## III.    LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as challenging his ongoing detention based on the immigration judge's denial of bond (claim one), as a procedural due process violation (claims three and four), and contending his traffic stop was unlawful (claim two). (See ECF No. 1.) In the response to the petition, respondent appears to have construed the petition to raise the following claims: (1) a challenge to the immigration judge's denial of bond; and (2) a Fifth Amendment due process claim. (See ECF No. 6.) Therefore, there is no prejudice to respondent in the Court's construction. Respondents contend petitioner is lawfully detained under 8 U.S.C. § 1226(a), and argue petitioner failed to exhaust his administrative remedies and any due process claims fail. Respondents do not address petitioner's contention that he was unlawfully arrested.

### A.    Statutory Basis for Detention and Due Process Claim

8 U.S.C. § 1226 governs the arrest, detention, and release of noncitizens like petitioner

3

who are in removal proceedings. 8 U.S.C. § 1226; see also Demore v. Kim, 538 U.S. 510, 530 (2003).  Under § 1226(a), the Department of Homeland Security ("DHS") has discretionary authority to detain a noncitizen, release them on bond, or release them on conditional parole pending removal proceedings.  This discretionary authority does not apply to noncitizens who fall within the criminal categories described in § 1226(c), for whom detention is mandatory.

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond. 8 C.F.R. § 236.1(c)(8).  A detainee may then request a bond redetermination hearing before an immigration judge.  8 C.F.R. § 236.1(d)(1).  At that hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond.  See In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).  The immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Id. (citing Matter of Patel, 15 I. & N. Dec. 666 (BIA 1976)).  The immigration judge may also weigh other discretionary factors.  Id.

If the immigration judge denies bond, the detainee may appeal to the BIA.  8 C.F.R. § 236.1(d)(3).  If the BIA affirms, the detainee may seek habeas relief in federal district court. Leonardo v. Crawford, 646 F.3d 1157, 1159-61 (9th Cir. 2011).  While district courts have jurisdiction to review bond determinations for constitutional error, Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209 (9th Cir. 2022), district courts may not review discretionary judgments regarding the detention and release of noncitizens in removal proceedings under § 1226(a). 8 U.S.C. § 1226(e).

Further, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances.  See 8 C.F.R. § 1003.19(e).

In their answer, respondents assert that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a).  (ECF No. 6 at 4.)  As discussed above, petitioner received a bond hearing on March 25, 2026, and the immigration judge issued a written decision on April 7, 2026.  (ECF No. 6-2 at 3-6).  His appeal remains pending before the BIA.  (ECF No. 6 at 2.)

When the procedures called for by § 1226(a) were provided, as in the facts of this specific

4

case where petitioner was detained pursuant to § 1226(a) and received a bond redetermination hearing before an immigration judge, this Court finds no due process violation.[4]  Accordingly, the Court recommends denying petitioner's due process claims (counts three and four).

### B.      Exhaustion of Administrative Remedies

Respondents argue that petitioner failed to exhaust administrative remedies where his appeal of the immigration judge's April 7, 2026 order denying his request for bond remains pending before the BIA.  (ECF No. 6 at 2-3.)  Respondents argue that petitioner makes no argument as to why he should be excused from prudential exhaustion of administrative remedies.  (Id. at 3.)  28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus."  Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004).  However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241."  Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  Because exhaustion is not required by statute, it is not jurisdictional.  Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)).  If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."  Id.  "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal

---

[4]  This Court expressly notes that it is not addressing the length of petitioner's detention and whether such detention is prolonged where petitioner does not challenge the length of his detention in the instant petition.  Therefore, if petitioner remains detained pursuant to § 1226(c), petitioner is not barred from filing a separate habeas petition challenging his detention as prolonged where such a claim was not raised in the instant petition or ripe at the time the instant petition was filed.

citation and quotation marks omitted).  However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile.  Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

For the following reasons, as to petitioner's challenge to the immigration judge's April 7, 2026 decision denying his request for bond, this Court agrees with respondents that this claim should be denied based on petitioner's failure to exhaust administrative remedies.  In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights.  See Leonardo, 646 F.3d at 1159.  The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held.  See Leonardo, 646 F.3d at 1159.  Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community.  See id.  The petitioner did not appeal this determination to the BIA but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process.  Id.  The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA.  See id. at 1160.  The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted).  As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking review in the BIA.  See id.  Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court."  Id.  Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination.  See id. at 1160-61.

In the instant action, petitioner did seek review of the immigration judge's April 7, 2026 decision and his appeal remains pending before the BIA.  Petitioner fails to show why he should be excused from the prudential exhaustion requirement regarding this claim where his appeal remains pending.  Accordingly, as to petitioner's challenges to the April 7, 2026 decision by the immigration judge denying his request for bond, his claim is denied.  See id.

### C.    Petitioner's Other Claims for Relief

The Court declines to reach petitioner's remaining habeas corpus claim challenging his traffic stop as unlawful (claim two) where there is no legal authority identified that this challenge would entitle petitioner to habeas relief (see ECF No. 1 at 5).  See, e.g., Leiva Garcia v. Shanahan, 2026 WL 1631608, at *2 (E.D.N.Y. June 6, 2026) (after ordering government to provide petitioner with a bond hearing on original habeas petition, addressing subsequent Fourth Amendment challenge raised).

### V.    CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be denied based on petitioner's failure to exhaust his administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The petition for writ of habeas corpus (ECF No. 1) be DENIED.

7

2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 01, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mart4036.2241.imm/9

8