UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIANCARLO A.M., Petitioner, v. CALIFORNIA CITY WARDEN, et al., Respondents. | No. 1:26-cv-4036-TLN-CSK<br>A# 204-371-071<br>**RELEASE ORDER** |

Petitioner, an immigration detainee proceeding pro se, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 1, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 7.) Petitioner filed objections to the findings and recommendations. (ECF No. 8.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court sustains Petitioner's objections and declines to adopt the magistrate judge's findings and recommendations. The Court further GRANTS the Petition and orders Respondents to IMMEDIATELY RELEASE Petitioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a noncitizen who was admitted into the United States under a B-2 visa on January 20, 2004, when he was seven years old. (ECF No. 1 at 9; ECF No. 6-4 at 4.) Petitioner overstayed his visa "because [he] was a child and could not choose to make a decision on [his] own return back to [his] country," and has remained living in the United States ever since. (ECF No. 1 at 9.) Over the past twenty-two years, Petitioner graduated high school, attended college, worked, and got engaged to his United States citizen partner with whom he now shares a 16-month-old son. (*Id.*; ECF No. 10 at 2.) Petitioner applied for DACA in 2015 and reapplied in 2017, 2019, and 2021. (ECF No. 8 at 4.)

On January 18, 2026, U.S. Immigration and Customs Enforcement ("ICE") encountered Petitioner at the Sarasota County Jail in Florida where he was being held following a traffic stop. (ECF No. 6-1 at 2.) The U.S. Department of Homeland Security ("DHS") placed an immigration detainer on Petitioner and issued a Form I-200 warrant for his arrest on January 19, 2026. (*Id.* at 4–7.) While the record is unclear as to the date Petitioner was transferred to ICE custody, the record indicates his custody began on or around January 20, 2026. (*Id.* at 3.)

Approximately one month later, on February 18, 2026, DHS issued Petitioner a Notice to Appear, placing him in removal proceedings. (ECF No. 6-4 at 4.) On April 7, 2026, an immigration judge ("IJ") held a custody redetermination hearing and denied Petitioner bond upon finding he posed a danger to the community due to prior DUI and traffic-related arrests and convictions. (ECF No. 6-2 at 1–6.) Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"). (*Id.* at 7.) His appeal remains pending. (ECF No. 6 at 2.)

Petitioner was eventually transferred to the California City Immigration Processing Center in this district. (ECF No. 10 at 1.) He has now been detained for over nine months. Petitioner challenges the lawfulness of his civil immigration detention and seeks immediate release. (*See generally* ECF No. 1.)

## II. STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

(citing U.S. Const., art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

Petitioner claims his detention violates the Immigration and Nationality Act ("INA").[1] (*See generally* ECF Nos. 1, 10, 8.) Respondents argue Petitioner is lawfully detained under 8 U.S.C. § 1226(a) ("§ 1226(a)").[2] (ECF No. 6 at 4–6.)

The parties agree that Petitioner's arrest and detention are governed by § 1226(a). (*See* ECF No. 6 at 5; ECF No. 8 at 1–5.) Section 1226(a) authorizes the government, in its discretion, to arrest and detain a noncitizen pending a decision on whether the noncitizen is to be removed from the United States. 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a[ ] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be

---

[1] The Court agrees with the magistrate judge that Petitioner's pro se Petition is properly construed as raising both a statutory and a constitutional claim. (*See* ECF No. 7 at 3.)

[2] Respondents also argue the Petition should be denied for failure to exhaust administrative remedies. (ECF No. 6 at 2–4.) After considering the factors articulated in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), the Court finds prudential exhaustion is not required. First, an administrative appellate record is not necessary to reach a proper decision on whether Petitioner's detention violates federal or constitutional law. The matter pending before the BIA is a separate challenge to the IJ's bond decision. Second, any risk of deliberate bypass of administrative procedures is reduced by the fact that district courts only have jurisdiction in the "rare case[s]" where petitioners allege a "colorable" challenge. *Hernandez*, 872 F.3d at 989 (citing *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1271 (9th Cir. 1991)). Finally, the Court finds it unlikely the agency will correct its own mistake upon further review. And even if exhaustion were required, waiver would be appropriate to avoid further irreparable harm and further delay in vindicating Petitioner's rights. *See S.E.C. v. G. C. George Sec., Inc.*, 637 F.2d 685, 688 n.4 (9th Cir. 1981); *see, e.g.*, *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1253 (W.D. Wash. 2025).

removed from the United States."). The plain language of the statute thus authorizes discretionary detention only if removal proceedings are "pending." *See Loaeza v. Bausch*, No. 26-CV-00945-MAV, 2026 WL 2150155, at *1 (W.D.N.Y. July 27, 2026) (similarly noting that "as a matter of pure statutory law, Respondents only have the authority to arrest and detain a noncitizen under § 1226(a) if removal proceedings against the noncitizen are "pending.").

The INA's implementing regulations confirm this. Under the regulations, removal proceedings commence when a charging document is filed with the Immigration Court. 8 C.F.R. § 1003.14(a). The charging document must include a certificate showing service on the individual being charged. (*Id.*) A Notice to Appear ("NTA") is the typical charging document that initiates removal proceedings before an immigration judge. *Id.* § 1003.13. After an NTA is issued, a noncitizen may be arrested and taken into custody on a warrant. *Id.* § 235.1(b)(1) ("*At the time of issuance* of the notice to appear, *or at any time thereafter and up to the time removal proceedings are completed*, the [noncitizen] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." (emphasis added).) In other words, without a valid NTA initiating removal proceedings against a noncitizen, the noncitizen is not pending a decision on whether they are to be removed, and the government has no authority under § 1226(a) to arrest and detain them.

Here, Petitioner was taken into ICE custody on a Form I-200 warrant approximately one month before DHS issued the NTA and commenced removal proceedings against him. Respondents acted without authority in violation of § 1226(a) when they arrested and detained Petitioner when he was not in pending removal proceedings. The Court thus finds Respondents violated federal law in Petitioner's detention.[3] The subsequent custody redetermination hearing provided to Petitioner does not cure detention that has been unlawful from its inception. The appropriate remedy for this violation is Petitioner's immediate release. *See Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-CV-05661-DAD-SCR, 2026 WL 2294963, at *2–3 (E.D. Cal. Aug. 10, 2026) (ordering immediate release where respondents failed to comply

[3] As the Court finds Petitioner is entitled to habeas relief on his INA claim, the Court declines to address Petitioner's additional constitutional claims in favor of judicial economy.

with § 1226(a) procedural requirements and collecting cases).

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. The Court DECLINES to adopt the findings and recommendations (ECF No. 7).

2. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.

3. Respondents must IMMEDIATELY RELEASE Petitioner Giancarlo A.M. (A# 204-371-071) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions. Respondents shall file a **notice of compliance** with this provision of the Court's Order within **two (2) court days** from the date of this Order.

4. Respondents are ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226(a), absent compliance with statutory and constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

5. Petitioner's Motion to Expedite Consideration (ECF No. 9) and Motion for Temporary Restraining Order (ECF No. 10) are DENIED as moot.

6. **The Clerk of Court is directed to serve California City Detention Facility with a copy of this Order.**

7. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE